JOHN D. HARRISON, PLAINTIFF IN ERROR, v. JACOB J. ALLEN, DEFENDANT IN ERROR.

1. A sheriff holding an execution has no right—the property levied on being claimed by a third party—to require a bond from the plaintiff executed by a surety, if the plaintiff himself is of unquestionable sufficiency.
2. The officer can require ample security and nothing more.
3. The circuit judge having found as a fact, on a motion to amerce, that the plaintiff's own bond was such ample security, this court refused to review such finding, on the ground that its province is to correct errors of law only.

On error to the Essex Circuit Court.

Jacob J. Allen recovered judgment in the Essex Circuit Court against one Thompson, and issued an *alias* execution thereon, and delivered the same to the sheriff of Essex county, the plaintiff in error, directing him to levy upon certain goods and chattels. A third party claiming the ownership of such property, the sheriff declined to sell without indemnity. Thereupon the plaintiff tendered to the sheriff his own bond, which the sheriff declined to accept, without a sufficient surety joined in it. The sheriff subsequently returned the execution *nulla bona*, the plaintiff in execution refusing to give such a bond as was demanded. A motion to amerce was made to the Circuit Court, supported by affidavits showing

the foregoing facts, and exhibiting the pecuniary condition of the plaintiff in execution. The sheriff was amerced in the amount of the debt and costs.

For plaintiff in error, *W. S. Whitehead.*

For defendant in error, *John A. Cobb.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. On the argument before this court it was asked by the counsel of the plaintiff in error that we should look into the affidavits for the purpose of reviewing the finding of the circuit judge on the facts with respect to the pecuniary standing of the plaintiff in execution. On the motion to amerce, the circuit judge found that the plaintiff in execution stood in such a condition with respect to property as to make his bond that sufficient indemnity which the officer had the right to exact before running the risk of levying on chattels to which a claim of title was made by a third party. There is neither any rule of practice, nor any principle of law, that would justify this court in attempting to re-try a question of this kind. On a writ of error, it is the established doctrine that it is the law, and not the facts of the case, that is reviewed. I am not aware of any instance in which this court has undertaken, in revising the proceedings of a law court, to weigh the evidence and to adjudge concerning it. The fact, therefore, must be taken, on this inquiry, as conclusively established, by the finding of the circuit judge, that the plaintiff in execution was a man of means, to such an extent that his bond was a full security to the sheriff on the occasion in question.

The only question, consequently, is, whether a sheriff has the right, under the circumstances presented in this case, to demand a bond with a surety.

The rule is well settled that when personal property, upon which a sheriff is instructed to levy, is claimed by a third party, the officer is not bound to proceed with the writ unless

State, North Ward N. B'k, pros., v. Newark.

the plaintiff furnish him with *ample* indemnity.   *Crocker on Sheriffs*, § 464 ; *Freeman on Executions*, § 275.   But no case has been referred to, and none has come under·my observation, that maintains the doctrine that under all circumstances the sheriff has the right to require a surety to the bond rendered to him.   Such a rule would be needlessly oppressive to a plaintiff in execution.   If such. plaintiff is possessed of so much property as to make his own obligation complete security to the officer, there can be no reason why the latter should have it in his power to exact anything beyond such personal obligation.   The officer has a right to be fully protected ; but when such full protection is tendered to him he must accept it, and has no right to require anything more. Inasmuch, therefore, as the fact appears in this case, in a conclusive form, that ample indemnity was given to this officer, and that it was illegal for him to require as a pre-requisite to making a levy under his writ, the consequence is, the judgment should be, in all things, affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DALRIMPLE, DIXON, KNAPP, REED, SCUDDER, VAN SYCKEL, WOODHULL, CLEMENT, DODD, GREEN, LATHROP, WALES. 14.

*For reversal*—None.